Eric Andrew Mercer, SBN 248707
LAW OFFICE OF ERIC ANDREW MERCER
770 L Street, Suite 950
Sacramento, CA 95814
Telephone:	(916) 361-6022
Facsimile:	(916) 361-6023
Email:	mercerlegal@me.com

Attorneys for Plaintiff STEPHEN S. BOYLE.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STEPHEN S. BOYLE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC; and DOES 1 through 20 inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT:**<br><br>1. Violations of the Equal Credit Opportunity Act, 15 U.S.C. §1691(d)<br><br>2. Violations of the Homeowners Bill of Rights, California Civil Code § 2924.12<br><br>3. Unfair Business Practices, California Business and Professions Code § 17200<br><br>DEMAND FOR JURY TRIAL |

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 based on Plaintiffs' claims under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d).

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. VENUE

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California. The Sacramento Division is the proper division in that the real property that is the subject of this action is located in San Joaquin County, California.

## III. PARTIES

4. Plaintiff Stephen S. Boyle is an individual and at all relevant times herein was a resident of Placer County. He is domiciled in and is a citizen of California.

5. Defendant Nationstar Mortgage, LLC ("Nationstar"), Plaintiffs' current mortgage servicer, is a mortgage servicer with corporate headquarters at 350 Highland Drive, Lewisville, Texas, 75067. Nationstar is a citizen of Texas because its corporate headquarters are located in Texas.

6. Plaintiff is ignorant of the names and capacity of Defendants herein sued as DOES 1-20 inclusive, and therefore sues these Defendants by such fictitious names. When the true names and capacities of these Defendants become known, Plaintiff will amend this Complaint to include their true names and capacities and, if necessary, will seek leave to amend to add additional allegations against them. Plaintiff is informed and believes, and so allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that Plaintiff's damages were proximately caused by their conduct.

7. Plaintiff is informed and believes, and on that basis allege, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

8. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

9. There is a unity of interest between Defendants, and each acts as the alter ego of the other.

## IV.  STATEMENT OF FACTS

10. Plaintiff owns and lives at his home at 1802 Camino Verdera, Lincoln, California 95648.

11. Mr. Boyle purchased the lot in 2005 and built his house, completing it in the spring of 2007.

12. Plaintiff refinanced the construction loan on the property in or about April 2007.

13. From 2007 to 2012 Plaintiff made all the payments.  Plaintiff began to have financial difficulties when his custom construction home business failed due to the decline in the real estate market.

14. On or about February 2012, Plaintiff contacted his mortgage servicer to request assistance.  The mortgage servicer explained that it could not help Plaintiff unless he had already missed payments.

15. On or about April 1, 2012, Plaintiff could no longer make the full payment and requested a loan modification.  Nationstar representative Daniel Gutierrez informed Plaintiff to submit an application for loan modification.  Plaintiff promptly submitted an application.

16. Nationstar failed to respond in writing within thirty days of the application.

17. Plaintiff contacted Nationstar to determine the results of the application. Nationstar informed Plaintiff he did not qualify for the Home Affordable Modification Program. Plaintiff then asked if he there was another program for which he could apply.  Nationstar

1   informed Plaintiff he could submit another application for another program.

2       18.    What followed was two years of requests for documents that had already been

3   submitted without a definitive answer to whether he was approved or denied for the program.

4       19.    Finally, on or about May 15, 2014, Plaintiff submitted the current complete

5   application for loan modification assistance and included all of the financial information

6   requested in the Request for Modification Assistance.

7       20.    On or about May 28, 2014, Plaintiff contacted Nationstar to inquire about the

8   status of his application.  At that time, Nationstar informed Plaintiff that it needed further

9   documents, some of which had already been provided and some updated information.  Plaintiff

10  promptly provided all of the requested documents.

11      21.    On May 29, 2014 Plaintiff contacted Nationstar.  Nationstar representative

12  Wallace Lemarian informed Plaintiff that he would not review the documents provided on May

13  28, 2014 because a sale was scheduled to occur on June 2, 2014.  Wallace Lemarian explained

14  that he would not even upload the documents for review.

15      22.    Plaintiff understood that any foreclosure sales had been on hold pending review of

16  the application, but Nationstar now refuses to review the complete application for loan

17  modification and intends to conduct a foreclosure sale on June 2, 2014.

**VII.  CLAIMS**
**FIRST CAUSE OF ACTION**
**Violations of the Equal Credit Opportunity Act**
**15 U.S.C. §1691(d)**
**(Against all Defendants)**

23.  Plaintiff realleges each and every allegation above as if fully set forth in this Cause of Action.

24.  Plaintiff is an applicant for credit as defined by ECOA, 15 U.S.C. § 1691a(b). Plaintiffs applied for modifications with Nationstar on at least two occasions.

25.  At all relevant times herein, Nationstar has been a "creditor" as defined by ECOA, 15 U.S.C. § 1691a(e).

26.  15 U.S.C. § 1691(d)(1) provides that "within thirty days...after receipt of a

1  completed application for credit, a creditor shall notify an applicant of its actions on the
2  application."

3  27.   12 C.F.R. § 202.9(c) provides that "[w]ithin 30 days after receiving an application
4  that is incomplete regarding matters that an applicant can complete, the creditor shall notify the
5  applicant either: (i) Of action taken, in accordance with paragraph (a) of this section; or (ii) Of the
6  incompleteness, in accordance with paragraph (c)(2) of this section."

7  28.   12 C.F.R. § 202.2(f) provides that in reviewing an application for completeness,
8  "the creditor shall exercise reasonable diligence in obtaining such information" necessary to
9  decide whether to extend credit

10  29.   15 U.S.C. § 1691(d)(2) provides that "each applicant against whom a adverse
11  action is taken shall be entitled to a statement of reasons for such action from the creditor."

12  30.   15 U.S.C. § 1691(d)(6) defines "adverse action" as a "denial or revocation of
13  credit, a change in the terms of an existing credit arrangement or refusal to grant credit in
14  substantially the same amount or on substantially the terms requested."

15  31.   Plaintiff's applications for HAMP modifications were "applications for credit" as
16  defined by 15 U.S.C. § 1691a(d) and 12 C.F.R. § 202.2(j).

17  32.   Plaintiff provided Nationstar with at least two completed applications for credit.

18  33.   Nationstar failed to evaluate and make a determination on Plaintiff's five
19  applications and failed to notify Plaintiff within 30 calendar days as required by ECOA.

20  34.   Defendants' failures to notify Plaintiff of the action taken on his two applications
21  for credit within 30 days from receipt of his completed applications constitute two separate
22  substantive violations of ECOA.

23  35.   As a result of the above ECOA violations, Defendants are liable to Plaintiff for
24  actual damages pursuant to 15 U.S.C. § 1691e(a); punitive damages of $10,000 pursuant to 15
25  U.S.C. § 1691e(b); and attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d).

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE HOMEOWNERS BILL OF RIGHTS**
**California Civil Code Section 2924.12**
**(Against All Defendants)**

36. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

37. The Homeowner's Bill of Rights provides that if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. Cal. Civ. Code § 2923.6(c).

38. Defendant violated section 2923.6 by failing to remove a pending trustee sale while a first lien loan modification application is pending.

39. Pursuant to California Civil Code section 2924.12 Plaintiff is entitled to injunctive relief for material violations of California Civil Code sections 2923.55 and 2923.6. Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. Cal. Civ. Code § 2924.17(a)(2). Further, Plaintiff is entitled to reasonable attorney's fees and costs in an action brought pursuant to this section. Cal. Civ. Code § 2924.17(i).

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**California Business and Professions Code section 17200**
**(Against all Defendants)**

40. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

41. California Business and Professions Code section 17200 et seq. ("Section 17200"), also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair, … or deceptive business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

42. Defendant's conduct was unlawful in that violates:

    (a) ECOA as described herein, and

    (b) HBOR as described herein.

43. As a direct and proximate result of defendants' unlawful and unfair business practices, Plaintiff have been injured in fact and have lost money or property due to, without limitation, the threatened initiation of the foreclosure process despite having unpaid and deferred interest, fees, escrow advances and other costs added to the outstanding principal balance.

44. As a direct and proximate result of Defendants' unlawful and unfair business practices, defendants have been unjustly enriched and should be ordered to make restitution to Plaintiff pursuant to Business and Professions Code sections 17203 and 17204.

45. The unlawful and unfair business practices of Defendants described herein present a continuing threat to Plaintiffs; and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiffs unless enjoined or restrained.

46. Plaintiff seeks restitution and injunctive relief pursuant to Business and Professions Code section 17203, including but not limited to: an Order requiring that Defendants finalize their review for modification.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray that the Court grant the following relief:

1. For judgment in favor of Plaintiff and against Defendants on all claims;
2. For preliminary and permanent injunctive relief prohibiting Defendants and their employees, agents, and persons acting with them or on their behalf, from transferring ownership of or further encumbering the Plaintiff's residence;
3. For an Order requiring that Defendants finalize their loan modification review;
4. For actual damages according to proof;
5. For statutory damages according to proof but not less than $10,000;
6. In the alternative to damages, for an order that Defendant be ordered to make restitution to Plaintiff pursuant to California Business and Professions Code § 17203;
7. For any award to Plaintiff of the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees, costs and expenses;

8. For all other relief at law or in equity that Plaintiff is entitled to by law that this Court deems just and proper.

Respectfully submitted,

Dated: June 2, 2014                LAW OFFICE OF ERIC ANDREW MERCER

By: /s/ *Eric Andrew Mercer*

ERIC ANDREW MERCER
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: June 2, 2014            LAW OFFICE OF ERIC ANDREW MERCER

                               By:  /s/ *Eric Andrew Mercer*
                               ERIC ANDREW MERCER
                               Attorney for Plaintiff