**FILED**

JAN 2 5 2016

CLERK  U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN S. BOYLE, an individual, | Case No.  2:14-cv-01335-JAM-AC |
| Plaintiff, | **ORDER ON MOTION FOR SUMMARY JUDGEMENT** |
| vs. | |
| NATIONSTAR MORTGAGE, LLC; and DOES 1-20 inclusive, | |
| Defendants. | |

On January 12, 2016 at 1:30 p.m., this matter came before the Court on Defendant Nationstar Mortgage LLC's ("Nationstar") Motion for Summary Judgment. For the reasons set forth in the transcript of that hearing which is attached hereto and made a part of this Order, the Court grants Summary Judgment in Nationstar's favor.

IT IS SO ORDERED.

Dated:  ᴊᴀɴᴜᴀʀʏ  25, 2016          By: _____
                                        Honorable John A. Mendez
                                        United States District Court Judge

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF CALIFORNIA
2    BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

3                    ---o0o---

4
     STEPHEN S. BOYLE, an individual,
5
           Plaintiff,
6
     Vs.                              CASE NO. 2:14-CV-1335 JAM
7
     NATIONSTAR MORTGAGE, LLC;
8    and DOES 1-20 inclusive,

9          Defendants.
     _____/
10

11              REPORTER'S TRANSCRIPT OF PROCEEDINGS

12          HEARING RE:  MOTION FOR SUMMARY JUDGMENT

13            TUESDAY, JANUARY 12TH, 2016, 1:30 P.M.

14

15   For the Plainiff:       MERCER LEGAL
                             770 L Street, Suite 950
16                           Sacramento, California  95814
                             BY:  ERIC ANDREW MERCER,
17                                ATTORNEY AT LAW

18

19   For the Defendants:     MCCARTHY & HOLTHUS LLP
                             1770 Fourth Avenue
20                           San Diego, California  92101
                             BY:  LETICIA CARMEN BUTLER,
21                                ATTORNEY AT LAW

22

23   Reported by:  CATHERINE E.F. BODENE, CSR #6926, RPR
                   Official Court Reporter USDC, 916-446-6360
24                 501 I Street, Room 4-200
                   Sacramento, California  95814
25
     TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

1    SACRAMENTO, CALIFORNIA, TUESDAY, JANUARY 12, 2016, 1:30 P.M.

2                              ---o0o---

3              THE CLERK:  Calling Civil 14-1335, Boyle versus

4    Nationstar Mortgage, LLC.

5              THE COURT:  Go ahead.  State your appearances.

6              MR. MERCER:  Good afternoon, Your Honor.  Eric Mercer

7    on behalf of plaintiff, Mr. Boyle.

8              MS. BUTLER:  Good afternoon, Your Honor.  Leticia

9    Butler on behalf of defendant, Nationstar Mortgage.

10             THE COURT:  This is on for a motion for summary

11   judgment filed by Nationstar.  There were -- there was a cross

12   motion filed.  It was filed in an untimely manner, and the

13   court issued an order indicating that it would not consider the

14   late filed motion.

15        There was a request to reconsider that, and the court

16   denied that as well, indicating that if I thought that summary

17   judgment was not appropriate in favor of Nationstar, and I

18   thought summary judgment was appropriate in favor of the

19   plaintiff, I could still grant summary judgment in favor of the

20   plaintiff sua sponte.

21        The opposition to the motion for summary judgment filed on

22   behalf of Mr. Boyle, in effect, was almost duplicative of the

23   cross motion for summary judgment, so I'm familiar with the

24   arguments.

25        This involves a home located at 1802 Camino Verdera in

1    Lincoln, California, and attempts by Mr. Boyle, after

2    defaulting, to modify his loan and go through a loan

3    modification process.

4         There have been three claims brought by Mr. Boyle against

5    Nationstar in this case, one brought under the Equal Credit

6    Opportunity Act -- we'll refer to that as ECOA -- one brought

7    under the California Homeowner's Bill of Rights, and then one

8    brought under 17200, California's Unfair Competition Law.

9         So let's start first, Mr. Mercer, just so we're clear on

10   the record, you are no longer pursuing your client's California

11   Homeowner's Bill of Rights claim, correct?

12              MR. MERCER:  That's right, Your Honor.  There was an

13   application pending at the time we filed.  They did answer

14   that.  We believe it is either moot or we're waiving it.

15              THE COURT:  Okay.  I'm actually going to grant

16   judgment in favor of Nationstar to get rid of it entirely,

17   since there was no opposition and it is appropriate.  So

18   summary adjudication on that claim is granted by the court.

19        Next, on the ECOA claim, in the complaint, as the

20   defendants point out in their reply brief, and I went back

21   through the complaint, and they are correct, you only allege

22   two purported ECOA violations.  That's found in your paragraphs

23   15, 16, 19, 32 and 34 of the complaint.  Yet in your opposition

24   to this motion, you now claim that there were at least four

25   separate applications for modification.

1        And as the defendants point out in their reply, a party

2   cannot advance new claims at the summary judgment stage, citing

3   numerous cases, including Martini E Ricci Iamino versus Trinity

4   Fruit Sales, an Eastern District of California case from 2014;

5   citing Pickern versus Pier 1 Imports, a Ninth Circuit case from

6   2006.

7        If you had wished to pursue these other two claims, you

8   should have sought to file an amended complaint.

9        Do you disagree with that argument, and if so, why?

10            MR. MERCER:  Yes, Your Honor.  We believe that the

11   facts as uncovered in discovery at the very end of the

12   discovery period show facts to support more of the same

13   claim.

14            THE COURT:  The only question is, you didn't amend

15   your complaint, right?

16            MR. MERCER:  To add those facts?  We have not amended

17   the complaint to add those facts as of today, Your Honor.

18            THE COURT:  So as a matter of law you can't raise them

19   in a summary judgment opposition, unless you have some case

20   that says you can.  I assume you don't.

21        Is that a fair assumption?

22            MR. MERCER:  Yes, Your Honor.

23            THE COURT:  Okay.  So that ECOA claim then really

24   comes down to two different time periods, one being in the 2012

25   time period, and the second one being in the 2014 time period.

1          Nationstar argues in its motion that as to the 2014

2     application there is no triable issue of material fact.  And

3     that in the opposition plaintiff didn't present any argument or

4     any evidence trying to rebut the fact that there was no ECOA

5     violation with respect to the 2014 claim.

6          It was completed, and Nationstar responded within 30 days,

7     and actually approved the application on that one.  By that

8     time you had filed the lawsuit, but, again, do you disagree

9     with those facts?

10         Do you still think that's a viable claim with respect to

11    the 2014?

12              MR. MERCER:  No.  We do not claim that the May 2014

13    application constitutes a code violation.

14              THE COURT:  So that leaves the 2012 ECOA violation.

15    And Nationstar has raised a number of arguments, mainly legal

16    arguments, as to why they think that summary judgment should be

17    granted on that claim as well.  I want to go through those with

18    you.

19         First is the issue of whether you have to allege or put on

20    evidence, as a matter of law, in order to maintain this claim

21    that Mr. Boyle is a member of a protected class.  I'll come

22    back to that.

23         Let's see.

24         Second, Nationstar alleges that the loan modification

25    application is not an application for credit as defined by

1   ECOA.  I'm not going to hear argument on that.  Just so the

2   parties know my position, I agree with the plaintiff's argument

3   on that.  I think the law is clear, the balance of authorities

4   are at least clear.

5      In particular, this court, not my opinion, but

6   Judge Mueller's opinion in the Cooksey case, sets precedence

7   that, in fact, applications for loan modifications are, in

8   fact, applications under ECOA.  And so I would, at least on

9   that legal issue, agree with the plaintiff.

10     There's also an argument that because Mr. Boyle was in

11  default, he shouldn't be allowed to go forward on this claim.

12     Again, I would tend to agree with the plaintiff's argument

13  on that issue.  This is a claim brought under 15 U.S.C.

14  1691(d)(1).  I would agree that you can't, and Mr. Boyle

15  couldn't bring a claim under 15 U.S.C. Section 1691(d)(2)

16  because he was in default.  That's undisputed.  But as a matter

17  of law I think that the (d)(1) claim would survive.  It's not

18  limited in any way to only those individuals who aren't in

19  default.

20     So the two arguments I want to focus on is whether this

21  claim can still go forward or whether summary judgment should

22  be granted, is the claim as to whether Mr. Boyle has to be a

23  member of a protected class.  And then the second argument is

24  whether he's established damages so that he can go forward with

25  the claim.

 1          It's an interesting issue, and the briefs have covered and

 2     laid out the issues as well as possible.  Unfortunately, it's

 3     an issue the Ninth Circuit has never specifically decided.

 4     This may be the case where that happens.

 5          The issue is this issue of whether you do need to allege or

 6     at least at a summary judgment stage prove that Mr. Boyle fits

 7     under that statute.

 8          The defendants rely on -- hang on.  We have the cases here,

 9     and I had an opportunity to look at all of these cases.

10          Nationstar urges this court to follow the Banks versus

11     JPMorgan, a Central District of California case; Schlegel,

12     S-c-h-l-e-g-e-l; and Harvey Courts in finding that Mr. Boyle

13     must be a member of a protected class to bring this claim,

14     the ECOA claim.

15          And that since he's not -- I don't think it is disputed at

16     all.  He clearly does not fit within that protected class.

17     That's not at dispute.  The question is whether the law would

18     require him to be a member of a protected class.

19          And Mr. Boyle, in his opposition, relies on a case called

20     Dufay, D-u-f-a-y, out of the Northern District; Thompson versus

21     Galles, G-a-l-l-e-s; Chevrolet Company; and Cooksey, which I

22     think, Mr. Mercer, you were involved in.

23               MR. MERCER:  Yes, Your Honor.

24               THE COURT:  That's Judge Mueller's opinion.  And then

25     there's a case, Vasquez, out of the Northern District as well,

1    in which the District Court Judge Tigar, T-i-g-a-r, found that

2    you didn't have to allege discrimination.

3        I don't know if there is anything further that either of

4    you want to add with respect to that issue, if you've

5    discovered anything else.  I'm not sure there's anything else

6    out there right now.

7        At some point the Ninth Circuit is going to have to give us

8    some guidance, but I would like to hear from both of you.  I

9    will allow you to make a record on that before I rule on that

10   issue.

11       Or if not, you can submit it on the briefs because, again,

12   I think you've laid out your arguments pretty well in the

13   briefs, and the cases say what they say.  But I'll give you an

14   opportunity to do that, so...

15           MR. MERCER:  Yes, Your Honor.  Eric Mercer on behalf

16   of plaintiff.  Let me go ahead and address that issue.

17       The idea of a protected class or the notion of a protected

18   class is necessarily tied to discrimination under ECOA.  So if

19   there is discrimination under ECOA, it can only happen to a

20   protected class member.

21       Your Honor mentioned earlier that plaintiff is clearly not

22   a member of a protected class, but he does have marital status,

23   which is a protected class if there is discrimination based

24   upon the marital status.  So the entire notion of protected

25   class is tied to a discrimination claim under ECOA.

9

 1          Under a notice claim, there is no discrimination necessary.

 2     And the definitions for protected class just don't make sense.

 3          THE COURT:  That's the issue.  I mean, the cases that

 4     say you don't have to allege that you're a member of a

 5     protected class focus on this is simply a notice claim, they

 6     didn't give me 30 days' notice.

 7          But as I read the statute, and as I look somewhat at the

 8     legislative history of the statute, it doesn't seem to me that

 9     it initially was drafted to in effect become two separate

10     statutes.

11          I would have thought that Congress would have written it

12     differently if, in fact, the legislature intended to allow this

13     cause of action now that's sprung up among a lot of creditors,

14     and that the courts are struggling with.  Because that would

15     seem to me to simply eliminate the initial purpose of the

16     statute, which was, as was pointed out by the defendants, that

17     it was initially enacted to eradicate credit discrimination

18     waged against women, especially married women who creditors

19     traditionally refused to consider for individual credit.

20          And generally the statute prevents creditors from

21     discriminating against applicants of a protected class.  Your

22     client isn't and doesn't fall within any protected class, and,

23     again, he is not in any way alleging, and there is no evidence

24     whatsoever, that he thinks that he was discriminated against,

25     that his application was denied because of some alleged

1    discrimination.  His is pure and simple:  You didn't give me

2    notice within 30 days with respect to my 2012 application.

3        I looked at these cases.  I looked at Cooksey and Vasquez

4    and Errico, which Judge Mueller relied on, and the other case,

5    Dufay.  So much has been read into that case.  That is such an

6    overreading of that case.  It doesn't even deal with the issue

7    of whether you have to allege protected status.

8        I don't know how any of the judges read so much into that

9    case, and it keeps being built upon.  I read that case

10   completely differently.  I don't think it really has anything

11   to do with the issues that are before us and that we're

12   struggling with in this case.

13       Be that as it may, I'm not that persuaded by these cases

14   that there really is a basis for carving out this cause of

15   action which you're relying on.  And I'm looking, I guess, for

16   something more, but I don't think there is something more out

17   there.

18            MR. MERCER:  Well, Your Honor, instead of looking at

19   the cases, then I suggest that we look at the definitions under

20   the statute itself.

21       If Congress wanted to, they could have defined a person to

22   be defined as a person of a protected class.  They didn't do

23   that.  They defined it as any person under the statute.

24       And also in the way that they define applicant, applicant

25   is in no way restricted to protected classes.  So if you rely

1    solely on the statute itself, then that provides the elements

2    for the cause of action.

3         Nowhere in the statute under the notice provisions does it

4    require that you allege or prove that the plaintiff is a member

5    of a protected class.  There is simply no requirement in the

6    statute for that under the notice provisions.

7              THE COURT:  The statute says that it is unlawful for,

8    quote, "Any creditor to discriminate against any applicant for

9    credit."

10        Then it continues:

11        "1.  On the basis of race, color, religion, national

12   origin, sex or marital status or age;

13        2.  Because all or part of the applicant's income derives

14   from any public assistance program; or

15        3.  Because the applicant has in good faith exercised any

16   right under this chapter."

17        That's 15 U.S.C. Section 1691(a).

18        (Reading:)

19        An "applicant" is defined without reference to a protected

20   class status.  The term "applicant" means any person who

21   applies to a creditor directly for an extension or renewal or

22   continuation of credit.

23        (Reading concluded.)

24        That's at 15 U.S.C. Section 1691(a)(b).

25        And I get that.  So it means any person who applies to a

1   creditor, but it seems to me that you're stopping the reading

2   of the entire statute.  You're stopping at "it is unlawful for

3   any creditor to discriminate against any applicant," and asking

4   me to ignore "any applicant for credit," ignore the rest of

5   that.

6        And that's the part I'm struggling with.  How do I ignore

7   the continuation of that sentence that says, "on the basis of

8   race, color, religion, national origin, sex or marital status"?

9        MR. MERCER:  I guess that's -- we would say you don't

10  ignore that for a discrimination claim under ECOA, but for a

11  notice claim it is not necessarily an element of the claim.

12        THE COURT:  Where in the statute does it say that,

13  though?

14        That's what I'm looking for.  I would think -- again, if

15  Congress thought they were creating a cause of action for a

16  notice claim for any creditor under a statute that is entitled

17  the Equal Credit Opportunity Act, they would have been more

18  specific.

19        The problem I have with these cases, and it cuts against

20  the core of what I think judges shouldn't do, I see judges

21  legislating.  I see them adding language that isn't in the

22  statute or reading the statute in a way that wasn't intended.

23        There is not a lot of legislative history that's been

24  discussed in these cases; there's not a lot that's been

25  discussed in these cases, but it seems to me that there was a

1    clear purpose behind this statute, to prevent discrimination.

2    And somehow that's been turned into, well, I can bring a claim

3    for anyone who applies for credit.

4        I would think, if that was the case, Congress would have

5    made that clearer.  So what am I missing here?

6        MR. MERCER:  I'm not going to claim to speak on behalf

7    of Congress, Your Honor.  I guess plaintiff's position -- and

8    we understand the court might not agree -- plaintiff's position

9    would be that it is adding to the statute by adding in the

10   protected class requirement; that that is, in fact, adding to

11   the statute rather than the other way around, Your Honor.

12       And I think I don't have anything else, so with that I

13   think I submit.

14       THE COURT:  Okay.  So let me play devil's advocate,

15   Ms. Butler, and ask you.  So I look at Vasquez, and it's

16   probably the best case for the plaintiff, along with all the

17   other cases that I have cited, indicating that there are

18   procedural requirements.  There is this requirement in this

19   statute that says that, in this case, Nationwide (sic) is

20   required to give a 30-day -- a response within 30 days to a

21   completed application, a procedural notice requirement.

22       And Vasquez clearly says that, regardless of whether the

23   plaintiff has alleged or is a member of a protected class.

24   That's a Northern District of California case.  So what's wrong

25   with Vasquez?

1          MS. BUTLER:  If I may, Your Honor, what is the date of

2     the Vasquez case?

3          THE COURT:  2013.  November 2013.

4          MS. BUTLER:  Thank you, Your Honor.

5       If my memory serves me correctly, the Vasquez case relies

6     upon Thompson in its holding.

7          THE COURT:  It does.

8          MS. BUTLER:  And the Thompson case, Your Honor, does

9     indicate quite clearly that there need not be -- they need not

10    be a member of a protected class to bring a claim.

11      However, the Thompson court itself in refusing to -- or in

12    declining to hold the defendant liable for the strict

13    violation, indicated that the law must not be read in a vacuum.

14      And though the plaintiff in that case urged the court to

15    take a strict adherence to the language of that code section,

16    the court declined to do so and found that it simply didn't --

17    that the equities did not warrant the application, and it

18    didn't make sense to do so because there was no liability for

19    that technical violation.

20         THE COURT:  I would note that this Banks case from the

21    Central District comes after the Vasquez case.

22         MS. BUTLER:  To that end, Your Honor, I would like to

23    point out that the vast majority of the more recent holdings

24    that we cited in connection with our moving papers and in

25    reply, they are all within this circuit.  Albeit, the only one

1    that is the Ninth Circuit is the Schlegel decision, but the

2    District Court opinions all date between 2012 and 2014.

3        And in addition to the case that Your Honor noted, citing

4    in support of our position that they need to be a member of a

5    protected class, I would like to add Franczak v. Suntrust

6    Mortgage Inc.

7                THE COURT:   When was that decided?

8                MS. BUTLER:   That was decided in 2013.   I will give

9    you the exact date.

10               THE COURT:   Did you cite it in your briefs?

11               MS. BUTLER:   Yes, Your Honor.   Both parties cited the

12   Franczak case.

13               THE COURT:   That's from where?

14               MS. BUTLER:   That is the --

15               THE COURT:   Which court?

16               MS. BUTLER:   The Northern District of California, and

17   that was 2013.

18               THE COURT:   Okay.   And that case you believe holds

19   what?

20               MS. BUTLER:   The Franczak case was -- at issue in that

21   case was a motion to dismiss.   The court dismissed the ECOA

22   claim for failure to plead that the plaintiff was a member of

23   the protected class.

24               THE COURT:   Did they give them leave to amend?

25               MS. BUTLER:   There was leave to amend given, yes, Your

1  Honor.

2              THE COURT:  Okay.

3              MS. BUTLER:  Trailing on that, the cases that we cited

4  again, Your Honor, are within the District Courts of California

5  by suggestion of Schlegel, requiring that plaintiffs be a

6  member of a protected class; whereas the cases that Your Honor

7  has already addressed with the plaintiff in this action are

8  largely quite old, several of them out of this circuit, and as

9  you pointed out with Dufay, far reaching.

10             In addition to those that have already been discussed,

11  plaintiff cites Fischl in his papers --

12             THE COURT:  Right.

13             MS. BUTLER:  -- for the proposition that they're

14  stand-alone claims and need not be a member of a protected

15  class.  Your Honor, that's a Fifth Circuit from 1983, and the

16  sole issue in that case was the sufficiency of notice.

17             There was nothing addressing whether or not a member -- a

18  plaintiff need be a member of a protected class or otherwise.

19  It was a very limited brief on the issue of sufficiency of

20  notice, so I would argue that is not on point.

21             Your Honor has already addressed Dufay, which, again, is a

22  very far-reaching case.  So we are looking at the weight of

23  authority within this district, within the State of California,

24  with all of the recent holdings coming down that plaintiffs

25  need to plead four elements to adequately plead ECOA.  And one

1    of those is that the plaintiff needs to be a member of a

2    protected class, and failure to do so defeats the claim.

3            THE COURT:  So let me switch to the other issue

4    raised, which is damages.  And under ECOA, one of the elements

5    would be damages.  And plaintiff in his complaint seeks

6    damages, including punitive damages and attorney fees.

7            So let's just assume for purposes of this argument that

8    notice wasn't given for the 2012 application, and so the claim

9    would be that between that time period of November 16th, 2012,

10   when notice allegedly should have been provided, and June 3rd,

11   2013, when the denial notice was actually issued, that the

12   argument is, as a matter of law, the plaintiff has failed to

13   demonstrate any damages.

14           And as Nationstar points out, the plaintiff has alleged

15   damages, but now I'm at a summary judgment stage.  And I now

16   have at least one side arguing that it is undisputed that there

17   has been no proof of causation and there has been no damage.

18           Then in response to that, in the opposition, plaintiff

19   argues that I can't grant summary judgment and should not grant

20   summary judgment because there is a triable issue of material

21   fact.

22           And in opposition the plaintiff argues that plaintiff

23   intends to provide that testimony at trial.  That concerns me

24   because you're now at a summary judgment stage and a summary

25   judgment motion in which I have evidence brought by the moving

18

1  party that there is no triable issue of fact.

2  And under the summary judgment standards, as we all know,
3  and to make sure the record is clear:

4  (Reading:)

5  When the moving party bears the initial burden of
6  establishing that there is no issue of material fact, and then
7  the responding party in order to defeat summary judgment must
8  present admissible evidence sufficient to establish that any of
9  the elements that are essential to the moving party's case, and
10  for which that party will bear the burden of proof at trial,
11  again, admissible evidence has to be presented.

12  The court may grant summary judgment if the motion and
13  supporting materials show that the movant is entitled to
14  summary judgment, and if the responding party, in this case the
15  plaintiff, fails to properly address the moving party's
16  assertion of fact as required by Rule 56.

17  The responding party must set forth by affidavit or other
18  admissible evidence specific facts demonstrating the existence
19  of an actual issue for trial.

20  (Reading concluded.)

21  So all I have is a statement that says:  Plaintiff intends
22  to provide testimony at trial.

23  I don't have an affidavit, a deposition from Mr. Boyle.
24  And that's what I was looking for in response to this argument.
25  While he might be entitled to recover damages, given that I

1   now have an issue at the summary judgment stage, in which the

2   defendant has demonstrated that there is -- that there was no

3   damage, that that element has not and cannot be proved, I don't

4   have anything from you in response, even a simple declaration

5   from your client that says "I was damaged.  This is how I was

6   damaged."

7       All I have is that I intend to prove damages, but I don't

8   even have that in terms of by way of a declaration.  I just

9   have that by way of your argument in the opposition.

10      So the simple question is, where is the evidence?

11          MR. MERCER:  Well, with the motion itself, Your Honor,

12  there was admissible evidence submitted on this issue in the

13  form of an interrogatory response.

14      The interrogatory response details the ways in which he was

15  harmed because of their actions.  And the fact that he further

16  intends to prove this at trial with testimony in open court is

17  just an adjunct to that.

18          THE COURT:  You don't cite anything in your

19  opposition.

20          MR. MERCER:  This is on -- I cited the reference to

21  the interrogatory response in my opposition, which appears on

22  page 11 of the motion itself, Your Honor -- motion for summary

23  judgment.

24          THE COURT:  Whose motion?

25  Yours?

1        MR. MERCER:  No.  Defendant's motion for summary

2    judgment on page 11 cites our -- or cites plaintiff's

3    interrogatory response, also with Mr. Learned's declaration

4    that --

5        THE COURT:  You are talking about the one that starts

6    out, "Plaintiff will further testify that regarding the harm,

7    Nationstar's failure to perform," et cetera?

8        MR. MERCER:  Yes.

9        THE COURT:  That's the interrogatory answer you are

10   telling me?

11       MR. MERCER:  Yes.  Subsequent to that sentence are

12   statements regarding the harm that he suffered.

13       THE COURT:  Where specifically is there any evidence

14   of that?

15       It just says, "Plaintiff was in a delicate financial

16   position," but that doesn't tell me anything.

17       Plaintiff responds, "He will testify at length at trial

18   regarding the following."  That doesn't tell me anything.

19       All it says is, "He will testify."  That's not evidence.

20   Not telling me what you will do without any specifics isn't

21   evidence that creates a triable issue of fact because I don't

22   know what that testimony is.  I don't have any evidence.

23       I know there is no expert.  Normally, if it is an emotional

24   damage case, confusion, depression, loss of enjoyment of life,

25   usually there's a psychologist or psychiatrist that testifies.

```
 1 │ And they've submitted evidence that you have no intention of
 2 │ putting on -- or you didn't have any intention of putting on a
 3 │ psychologist or psychiatrist.
 4 │     The other thing they point out is that during the same
 5 │ period of time he's admitted he lost seven to eight million
 6 │ dollars of his money in -- I guess, he was a developer and had
 7 │ real estate holdings.
 8 │     I don't think he -- at least there is no evidence that he's
 9 │ attributing that loss to Nationstar's failure to provide a
10 │ 30-day notice.
11 │     So the specific question is, you're alleging that they
12 │ violated the statute by not giving your client notice back in
13 │ 2012 that his application had been denied.  Okay.  So let's say
14 │ that is true.
15 │     So during that time period, between -- I guess it was
16 │ August or whenever you were supposed to give notice and the
17 │ middle of 2013 -- it is about a six-month period -- what
18 │ specific damages did he suffer, and where is the evidence to
19 │ support that?  As opposed to:  I will show that.
20 │     You now have a summary judgment motion in front of you.
21 │ It's as if we were standing at trial right now, what would your
22 │ answer be?
23 │     I'm going to put my client on the stand, and he's going to
24 │ tell me -- he's going to tell you this is what he suffered?
25 │             MR. MERCER:  Yes, Your Honor.
```

1        THE COURT:  Okay.  But I don't have a declaration from

2   your client saying, in fact, that he actually did suffer that.

3      Right?

4        MR. MERCER:  There is an interrogatory response signed

5   by him.  And I understand Your Honor is saying "will further

6   testify," that that was mentioned in the interrogatory

7   response, but he's testifying here that he did suffer these

8   damages.

9        THE COURT:  Okay.  Then let's take the next argument.

10  Let's say he did suffer depression, loss of enjoyment,

11  emotional distress.  The next argument is that the plaintiff

12  has not provided any evidence directly linking these alleged

13  damages to the loan modification application submitted in July

14  of 2012.

15     Causation is also part of the element of proving damages.

16  So where's the evidence of causation?

17        MR. MERCER:  Well, two responses.  Let me just go back

18  really quickly.  A violation of the statute, Your Honor, is a

19  violation of the statute.  Damages are not necessary,

20  especially actual damages.

21     Under Ninth Circuit law, and this is Anderson, under Ninth

22  Circuit law, even without actual damages, there can be a

23  violation ECOA and an award of punitive damages.

24     So actual damages is not necessarily an element of the

25  claim.  They're saying we can't show damages, but that is not

1    an element of the claim.

2        Because we -- under Ninth Circuit controlling law, even if

3    there is no damages, we can -- there can be an award of

4    punitive damages for a violation of the statute.

5        THE COURT:  Punitive damages are damages.  Punitive

6    damages are damages.

7        MR. MERCER:  Statutory punitive damages.

8        THE COURT:  All you're arguing is even if actual

9    damages are zero, you could still ask for punitive damages.

10    We're not there yet because they've also moved for summary

11    judgment on punitive damages, but --

12        MR. MERCER:  Right.

13        THE COURT:  -- setting that aside for now, damages are

14    still part of this cause of action.  If you can't -- either

15    actual or punitive, if you haven't provided sufficient evidence

16    to prove either, you can't maintain this claim.  There is

17    nothing for the jury to decide is the question.

18        So let's just focus on actual damages, and then we'll get

19    to your punitive damages argument.

20        MR. MERCER:  Okay.

21        THE COURT:  I haven't looked at a jury instruction,

22    but my guess is a jury instruction would have the elements of

23    this cause of action, and the fourth element would be damages.

24        Again, I haven't pulled up the jury instruction, but if

25    not, I'm sure it would include, as the fourth element, damages.

24

1      So I think there is a real issue.  And you didn't

2   necessarily specifically respond to that argument.  It's on

3   page 12 of their opening brief, with respect to damages.

4      Then on the punitive damage issue, other than a technical

5   violation, I don't see any evidence in this case that would

6   give rise to punitive damages, at least I don't see any

7   evidence in the opposition that would give rise to punitive

8   damages.

9      Again, you didn't specifically argue evidence.  You simply

10   say there is a material issue of whether their failure to

11   respond was in reckless disregard of the requirements of the

12   law.

13      Normally you get that from taking depositions, and it's a

14   continuing pattern that Nationstar is doing this to everybody,

15   et cetera.  And obviously the best evidence would be a smoking

16   gun, where there is a memo that says "Deny all applications

17   initially, and let's see where we go from there."  There is

18   none of that type of allegation in this case.

19      It's an allegation that they delayed and they didn't

20   provide sufficient notice in compliance with the statute, but

21   where's the recklessness or outrageous -- evidence of the

22   outrageous conduct in this case, especially on a claim that

23   simply they failed to meet the 30-day requirement?

24          MR. MERCER:  Which is a requirement under the statute,

25   Your Honor.

1        THE COURT:  I don't disagree, but how does that lead

2   to punitive damages in this case?

3        Why would I allow that to go to a jury?

4        MR. MERCER:  Due to repeat behavior, Your Honor, as

5   laid out in the opposition.  This happened a lot.  It happened

6   repeatedly to this individual.

7        In his deposition Mr. Richardson states that they didn't

8   comply with their own requirements to -- even outside of the

9   ECOA Act.

10        He was unaware that Nationstar had policies and procedures

11   to comply with ECOA at all.  And then he said that they have

12   their own internal policies on responding to these type of

13   applications.  And they didn't do it within their own policies

14   and procedures.  I think a jury may consider that to be in

15   reckless disregard of the law.

16        THE COURT:  Okay.  Ms. Butler, anything further?

17        MS. BUTLER:  Very briefly, Your Honor.

18        As a preliminary matter, I believe counsel may have

19   slightly misrepresented the testimony of the deponent, but

20   that's not at issue, I believe, because they did not present

21   deposition transcripts from the specific portions that counsel

22   just referenced.

23        Aside from that, I believe Anderson and Coulibaly,

24   C-o-u-l-i-b-a-l-y, stand for the proposition that damages in a

25   ECOA claim are not presumed and must actually be proven.  Both

1      of those cases are cited in our moving papers.

2                THE COURT:  All right.

3                MS. BUTLER:  And finally, Your Honor, I believe the

4      court has hit the nail on the head, that there is no admissible

5      competent evidence before the court with respect to damages.

6      And under Celotex, the plaintiff may not rely upon allegations

7      in the complaint or other references, and there must be

8      competent evidence before the court, of which there is none.

9      Therefore, summary judgment should be granted.

10               THE COURT:  All right.  Mr. Mercer, anything final you

11     want to raise?

12               MR. MERCER:  No, Your Honor.  Just that I think, going

13     back, I just want to stay focused on some of the case law that

14     is cited conflates making a discrimination claim with a notice

15     claim.

16          The cases cited by opposing counsel earlier, Franczak

17     included, were citing case law based upon this idea of these

18     four elements to show a discrimination claim.

19          And I would just finally, Your Honor, the notice claims are

20     separate.  They must be treated separately.  And the

21     requirements for discrimination and the case law that defines

22     what a cause of action is under ECOA under the discrimination

23     claims versus the notice claims, I believe the statute is clear

24     with the notice claims.  Under the clear terms of the statute,

25     there has been a violation here.

1      With that I submit, Your Honor.

2           THE COURT:  Okay.  On the summary judgment motion with

3    respect to the first cause of action brought under the Equal

4    Credit Opportunity Act, as I have indicated, there really are

5    two issues that have been raised in the complaint, two alleged

6    failures to comply with this statute, and plaintiff has

7    conceded that there is no cause of action under the 2014

8    application.  And any allegations with respect to that, that

9    was -- notice was properly given, and that claim is no longer

10   viable.  So summary judgment is granted with respect to that

11   portion of this first cause of action.

12        As to the 2012 claim, the issue is whether, in fact, in

13   order to maintain that claim, Mr. Boyle, the plaintiff in this

14   case, needs to show that he is a member of a protected class to

15   bring a cause of action.

16        Under this statute under ECOA, Mr. Boyle has argued that a

17   notice claim is a separate claim, and that is a procedural

18   requirement that does not require an allegation or evidence

19   that the plaintiff is a member of a protected class.

20        There are a number of cases that he has cited that we have

21   discussed here today that has adopted that interpretation of

22   the statute.

23        On the other side is Nationstar's argument that, in fact,

24   the statute, even a notice claim brought under the statute,

25   does require evidence or proof, or an allegation even, that the

1  plaintiff is a member of a protected class as defined by ECOA.

2      It's undisputed that Mr. Boyle is not alleging that, that

3  he is not a member of a protected class, and this is purely a

4  notice claim, a failure to provide notice within 30 days of

5  Mr. Boyle making an application in 2012.

6      In looking at both the cases where courts have decided that

7  the party need not allege that the plaintiff is a member of a

8  protected class, and on this issue, in particular, Judge

9  Mueller has so found, relying on a number of other cases,

10  including Thompson and Errico.

11      In looking at those cases, as opposed to the cases cited by

12  the defendant in support of the argument that only members of a

13  protected class can bring a claim under ECOA, and all these are

14  District Court cases, I do agree -- I so find and agree with

15  Nationstar's argument that, including the most recent cases --

16  most recently the Banks versus JPMorgan Chase Bank, a 2014 case

17  out of the Central District of California -- clearly indicate,

18  and the District Court has so found, that there is a

19  requirement in order to maintain even this notice cause of

20  action, as we have in this case, that there be evidence or

21  proof that the plaintiff is a member of a protected class.

22      The Ninth Circuit has yet to articulate specifically

23  whether the elements of an ECOA claim so require this, but I

24  think the better reasoning, the better rationale, and as

25  Nationstar has pointed out, the most recent cases do seem to

1    indicate that it was the initial purpose and the original

2    purpose of this statute to be a statute that protects against

3    discrimination, that this so-called notice claim has been

4    carved out of that by the courts.

5        And in looking at the language of the statute, as well as

6    the reasoning under the cases cited by Nationstar in their

7    motion for summary judgment, I would find that, absent

8    evidence, that a plaintiff is a member of a class protected by

9    ECOA, that the cause of action cannot be maintained.

10       This authority needs to be resolved.  Maybe this will be

11   the case where the Ninth Circuit resolves it.  But for now I

12   think the better reasoning is found in the most recent cases

13   cited by Nationstar, including Banks.

14       While that would resolve the summary judgment motion, I do

15   want to make it clear that I would also grant summary judgment

16   on this claim in favor of Nationstar on the damages issue.

17       I do not find that in response to the evidence and the

18   arguments concerning the failure to prove damages under ECOA

19   that plaintiff has submitted sufficient evidence to raise a

20   triable issue of fact, either as to actual or punitive damages,

21   both of which would be recoverable.

22       There is no declaration.  There is no deposition testimony

23   from Mr. Boyle himself.  The only evidence cited by the

24   plaintiff is an interrogatory answer which is vague and

25   inconclusive at best.

1    And if that is, in fact, the only evidence which is

2  submitted in opposition to the arguments raised by Nationstar

3  as to damages, then it is insufficient to create a triable

4  issue of fact.

5    So I would also find that Nationstar would be entitled to

6  summary judgment on this ECOA claim for those reasons as well.

7    The second cause of action has already been dismissed

8  and -- or not dismissed, but the court has granted summary

9  judgment.  Plaintiff has indicated he will not pursue a claim

10  under the California Homeowner's Bill of Rights.

11    And then the third claim, the Unfair Competition Law claim,

12  is derivative.  It is based on either the first or second

13  claims being maintained, and since the court has granted

14  summary adjudication on the first and second claims, the UCL

15  Claim also fails, and the court grants summary judgment on this

16  claim as well.

17    Obviously, since summary judgment is granted, the dates are

18  now vacated.  There will be no pretrial or trial.

19    Ms. Butler, you can prepare a proposed order.  Run it

20  by Mr. Mercer for approval as to form and submit it within ten

21  days so we have something on our docket.

22    You can also, if you want, order a transcript.  A lot of

23  lawyers do that.  Simply attach an order that says:  For the

24  reasons stated at the hearing, as evidenced by the transcript,

25  the court has granted summary judgment in favor of Nationstar.

1          Okay.  All right.  Thank you all.

2              MR. MERCER:  Thank you, Your Honor.

3          (Off the record at 2:40 p.m.)

4                          ---o0o---

5

6                    REPORTER'S CERTIFICATE

7                          ---o0o---

8

STATE OF CALIFORNIA  )
9  COUNTY OF SACRAMENTO )

10

11         I certify that the foregoing is a correct transcript
    from the record of proceedings in the above-entitled matter.
12
              IN WITNESS WHEREOF, I subscribe this certificate at
13  Sacramento, California.

14

15  /S/ Catherine E.F. Bodene
            CATHERINE E.F. BODENE, CSR NO. 6926
16          Official United States District Court Reporter

17

18

19

20

21

22

23

24

25